B1 (Official Form 1)(04/13)

| UNITED STATES BANKRUPTCY COURT Eastern District of Virginia | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**James River Coal Company** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>N/A |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>54-1602012 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>N/A |
| Street Address of Debtor (No. and Street, City, and State):<br>**901 E. Byrd Street, Suite 1600**<br>**Richmond, VA**<br><div align="right">ZIP CODE 23219</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br>N/A<br><div align="right">ZIP CODE</div> |
| County of Residence or of the Principal Place of Business:<br>**City of Richmond, Virginia** | County of Residence or of the Principal Place of Business:<br>N/A |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP CODE</div> | Mailing Address of Joint Debtor (if different from street address):<br>N/A<br><div align="right">ZIP CODE</div> |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><div align="right">ZIP CODE</div> | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9         Recognition of a Foreign<br>☒ Chapter 11       Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13       Recognition of a Foreign<br>                         Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check **one** box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☒ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| B1 (Official Form 1) (04/13) | Page 2 |
|---|---|

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

Name of Debtor(s):

---

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed: N/A | Case Number: N/A | Date Filed: |
|---|---|---|
| Location Where Filed: N/A | Case Number: N/A | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor: See Attachment 1 | Case Number: Not Yet Assigned | Date Filed: |
|---|---|---|
| District: Eastern District of Virginia | Relationship: Affiliates | Judge: Not Yet Assigned |

---

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☑ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
  Signature of Attorney for Debtor(s)     (Date)

---

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X /s/ Tyler P. Brown<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Signature of Attorney for Debtor(s)<br>Tyler P. Brown<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Printed Name of Attorney for Debtor(s)<br>Hunton & Williams LLP<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Firm Name<br>951 East Byrd Street<br>Richmond, VA 23219<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Address<br>(804) 788-8200<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Telephone Number<br>04/07/2014<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | _____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date |
| X /s/ Peter T. Socha<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Signature of Authorized Individual<br>Peter T. Socha<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Printed Name of Authorized Individual<br>President, Chief Executive Officer<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Title of Authorized Individual<br>04/07/2014<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

### Eastern District of Virginia

In re __James River Coal Company__ ,    )    Case No. __Not Assigned__

Debtor    )

    )

    )    Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __000-561129__ .

2. The following financial data is the latest available information and refers to the debtor's condition on __09/30/2013__ .

|  |  |
|---|---|
| a. Total assets | $ 1,066,040,000.00 |
| b. Total debts (including debts listed in 2.c., below) | $ 818,698,000.00 |

c. Debt securities held by more than 500 holders:

Approximate number of holders:

| secured ☐ | unsecured ☑ | subordinated ☐ | $ 270,000,000 | |
| secured ☐ | unsecured ☑ | subordinated ☐ | $ 142,500,000 | |
| secured ☐ | unsecured ☑ | subordinated ☐ | $ 47,300,000 | |
| secured ☐ | unsecured ☑ | subordinated ☐ | $ 13,300,000 | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

d. Number of shares of preferred stock     0     0

e. Number of shares common stock     37,881,770     5,700

Comments. if any:

3. Brief description of debtor's business:
James River Coal Company is one of the leading coal producers in Central Appalachia and the Illinois Basin. The Company sells metallurgical, bituminous steam and industrial-grade coal to electric utility companies and industrial customers both domestically and internationally.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: _____
Doha Bank, Voda Investments

ATTACHMENT 1

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Virginia. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | Case Number | Judge |
| --- | --- | --- |
| BDCC Holding Company, Inc. | Not Yet Assigned | Not Yet Assigned |
| Bell County Coal Corporation | Not Yet Assigned | Not Yet Assigned |
| Bledsoe Coal Corporation | Not Yet Assigned | Not Yet Assigned |
| Bledsoe Coal Leasing Company | Not Yet Assigned | Not Yet Assigned |
| Blue Diamond Coal Company | Not Yet Assigned | Not Yet Assigned |
| Buck Branch Resources LLC | Not Yet Assigned | Not Yet Assigned |
| Chafin Branch Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Eolia Resources, Inc. | Not Yet Assigned | Not Yet Assigned |
| Hampden Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| International Resource Partners LP | Not Yet Assigned | Not Yet Assigned |
| International Resources Holdings I LLC | Not Yet Assigned | Not Yet Assigned |
| International Resources Holdings II LLC | Not Yet Assigned | Not Yet Assigned |
| International Resources, LLC | Not Yet Assigned | Not Yet Assigned |
| IRP GP Holdco LLC | Not Yet Assigned | Not Yet Assigned |
| IRP Kentucky LLC | Not Yet Assigned | Not Yet Assigned |
| IRP LP Holdco Inc. | Not Yet Assigned | Not Yet Assigned |
| IRP WV Corp. | Not Yet Assigned | Not Yet Assigned |
| James River Coal Company | Not Yet Assigned | Not Yet Assigned |
| James River Coal Sales, Inc. | Not Yet Assigned | Not Yet Assigned |
| James River Coal Service Company | Not Yet Assigned | Not Yet Assigned |
| James River Escrow Inc. | Not Yet Assigned | Not Yet Assigned |
| Jellico Mining, LLC | Not Yet Assigned | Not Yet Assigned |
| Johns Creek Coal Company | Not Yet Assigned | Not Yet Assigned |
| Johns Creek Elkhorn Coal Corporation | Not Yet Assigned | Not Yet Assigned |
| Johns Creek Processing Company | Not Yet Assigned | Not Yet Assigned |
| Laurel Mountain Resources LLC | Not Yet Assigned | Not Yet Assigned |
| Leeco, Inc. | Not Yet Assigned | Not Yet Assigned |
| Logan & Kanawha Coal Co., LLC | Not Yet Assigned | Not Yet Assigned |
| McCoy Elkhorn Coal Corporation | Not Yet Assigned | Not Yet Assigned |
| Rockhouse Creek Development, LLC | Not Yet Assigned | Not Yet Assigned |
| Shamrock Coal Company, Incorporated | Not Yet Assigned | Not Yet Assigned |
| Snap Creek Mining, LLC | Not Yet Assigned | Not Yet Assigned |
| Triad Mining, Inc. | Not Yet Assigned | Not Yet Assigned |
| Triad Underground Mining, LLC | Not Yet Assigned | Not Yet Assigned |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>**JAMES RIVER COAL COMPANY,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 14-[    ] (__)**<br><br>**(Joint Administration Requested)** |

**LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS**

The following is a list of creditors holding the 30 largest general unsecured claims against James River Coal Company and its subsidiaries that have filed voluntary petitions for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Virginia on the date hereof (collectively, the "**Debtors**"), on a consolidated basis. This list has been prepared from the Debtors' books and records.

This list is prepared in accordance with 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in this chapter 11 case. The list does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (b) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest general unsecured claims.

This list reflects the information existing and available as of April 4, 2014. The Debtors reserve the right to amend this list based on information existing as of the filing date.

The information presented herein, including the Debtors' failure to list any claim as contingent, unliquidated or unknown, does not constitute an admission or waiver of the Debtors' right to contest the validity, priority or amount of any claim.

# JAMES RIVER COAL COMPANY

## CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 1 | U.S. Bank National Association | U.S. Bank National Association Attn: Specialized Finance 60 Livingston Avenue Mail Station—EP-MN-W52N St. Paul, MN  55107-2292 Phone: (800) 934-6802 Fax: (651) 495-8158 | 7.875% senior unsecured notes due 2019 | Unliquidated | $270,000,000.00 (Stated Principal) |
| 2 | U.S. Bank National Association | U.S. Bank National Association Attn: Specialized Finance 60 Livingston Avenue Mail Station—EP-MN-W52N St. Paul, MN  55107-2292 Phone: (800) 934-6802 Fax: (651) 495-8158 | 10% convertible senior notes due 2018 | Unliquidated | $133,900,000.00 (Stated Principal) |
| 3 | U.S. Bank National Association | U.S. Bank National Association Attn: Specialized Finance 60 Livingston Avenue Mail Station—EP-MN-W52N St. Paul, MN  55107-2292 Phone: (800) 934-6802 Fax: (651) 495-8158 | 4.5% convertible senior notes due 2015 | Unliquidated | $47,300,000.00 (Stated Principal) |
| 4 | U.S. Bank National Association | U.S. Bank National Association Attn: Specialized Finance 60 Livingston Avenue Mail Station—EP-MN-W52N St. Paul, MN  55107-2292 Phone: (800) 934-6802 Fax: (651) 495-8158 | 3.125% convertible senior notes due 2018 | Unliquidated | $13,300,000.00 (Stated Principal) |
| 5 | Whayne Supply Company | Whayne Supply Company Department 8326 Carol Stream, IL  60122-8326 Phone: (502) 774-4441 Fax: (502) 775-2666 | Trade Payables | | $2,103,222.00 |
| 6 | Norfolk Southern Corporation | Norfolk Southern Corporation Three Commercial Place Norfolk, VA  23510 Phone: (855) 667-3655 Fax: (757) 664-5069 | Trade Payables | | $1,448,812.00 |

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 7 | Lazard Freres & Co., LLC | Lazard Freres & Co., LLC 30 Rockefeller Plaza New York, NY  10020 Phone: (212) 632-6000 Fax: (212) 332-5944 | Trade Payables | | $899,448.00 |
| 8 | Mine Service Company Inc | Mine Service Companny Inc 2342 S. Ky. Hwy 15 Hazard, KY  41701 Phone: (606) 436-3191 Fax: (606) 436-3194 | Trade Payables | | $563,891.00 |
| 9 | Warex  LLC | Warex  LLC 2323 Kotter Avenue Evansville, IN  47715 Phone: (812) 473-6066 Fax: (812) 477-8381 | Trade Payables | | $544,365.00 |
| 10 | Joy Global Underground Mining | Joy Global Underground Mining 811 Boone Trail Road Duffield, VA  24244-0256 Phone: (276) 698-1673 Fax: (276) 431-4625 | Trade Payables | | $538,352.00 |
| 11 | Austin Powder Co. | Austin Powder Co. 25800 Science Park Drive Cleveland, OH  44194 Phone: (276) 298-8501 Fax: (216) 464-4418 | Trade Payables | | $533,166.00 |
| 12 | Macallister Machinery Co. | Macallister Machinery Co. 7515 E. 30th Street Indiapolis, IN  46219 Phone: (216) 464-2400 Fax: (216) 464-4418 | Trade Payables | | $454,084.00 |
| 13 | Natural Resource Partners, L.P. | Natural Resource Partners, L.P. 601 Jefferson Street Suite 3600 Houston, TX  77002 Phone: (713) 751-7507 Fax: (713) 650-0606 | Trade Payables | | $444,033.00 |
| 14 | A.L. Lee Corporation | A.L. Lee Corporation 2075 Lester Hwy Lester, WV  25865 Phone: (304) 934-5361 Fax: (304) 934-5388 | Trade Payables | | $424,641.00 |
| 15 | Acin, LLC | Acin, LLC C/O NRP (Operating) LLC 5260 Irwin Road Huntington, WV  25705 Phone: (304) 522-5757 Fax: (304) 522-5401 | Trade Payables | | $404,963.00 |

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 16 | Express Scripts, Inc. | Express Scripts, Inc.<br>21653 Network Place<br>Chicago, IL  60673-1216<br>Phone: (314) 919-4658<br>Fax: (800) 769-3968 | Trade Payables | | $313,460.00 |
| 17 | Aquatic Resources Management | Aquatic Resources Management<br>2265 Harrodsburg Road, Suite 100<br>Lexington, KY  40504<br>Phone: (859) 388-9595<br>Fax: (859) 381-1005 | Trade Payables | | $297,536.00 |
| 18 | United Central Industrial Supply, Co | United Central Industrial Supply Co<br>1241 Volnteer Pkwy<br>Suite 1000<br>Bristol, TN  37620<br>Phone: (423) 573-7300<br>Fax: (412) 573-7297 | Trade Payables | | $275,865.00 |
| 19 | Coalfield Lumber Company, Inc. | Coalfield Lumber Company, Inc.<br>Route 645<br>Inez, KY  41224<br>Phone: (606) 298-3150<br>Fax: (606) 298-3114 | Trade Payables | | $265,637.00 |
| 20 | Synenergy Partners, LLC | Synenergy Partners, LLC<br>520 S. 4th Street<br>Boonville, IN  47601<br>Phone: (812) 315-0552<br>Fax: (812) 715-1122 | Trade Payables | | $260,489.00 |
| 21 | Nalco Chemical Co. | Nalco Chemical Co.<br>1601 W. Diehl Road<br>Napperville, IL  60563-1198<br>Phone: (630) 305-1000<br>Fax: (630) 305-2900 | Trade Payables | | $249,651.00 |
| 22 | Peabody Terminals, LLC | Peabody Terminals, LLC<br>701 Market Street<br>St. Louis, MO  24014<br>Phone: (314) 342-3400<br>Fax: (314) 342-7529 | Trade Payables | | $205,962.00 |
| 23 | General Engineering, Company | General Engineering, Company<br>26485 Hillman Hwy<br>Abingdon, VA  24212-0549<br>Phone: (276) 628-6065<br>Fax: (276) 628-4311 | Trade Payables | | $190,518.00 |
| 24 | Rudd Equipment Company | Rudd Equipment Company<br>4344 Poplar Level Road<br>Louisville, KY  40213<br>Phone: (502) 456-4050<br>Fax: (502) 454-0893 | Trade Payables | | $187,757.00 |

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 25 | Pocahontas Land Corp. | Pocahontas Land Corp. 800 Princeton Avenue Bluefield, WV 24701 Phone: (304) 324-2400 Fax: (304) 324-2443 | Trade Payables | | $185,242.00 |
| 26 | Bluegrass Materials Co. LLC | Bluegrass Materials Co. LLC 200 W. Forsyth Street 7th Floor Jacksonville, FL 32202 Phone: (904) 701-6676 Fax: (904) 701-6675 | Trade Payables | | $183,869.00 |
| 27 | Leslie Co Circuit Court Clerk | Leslie Co Circuit Court Clerk 22010 Main Street Hyden, KY 41749 Phone: (606) 672-2505 / (606) 672-2503 Fax: (606) 672-5128 | Trade Payables | | $182,714.00 |
| 28 | Rice Oil Company, Inc. | Rice Oil Company, Inc. 708 W. Central Avenue Lafollette, TN 37766-0430 Phone: (423) 562-2951 Fax: (423) 562-2244 | Trade Payables | | $173,320.00 |
| 29 | Kentucky State Treasurer | Kentucky State Treasurer 1050 US Highway 127 South Suite 100 Frankfort, KY 40601 Phone: (502) 564-4722 Fax: (502) 564-6545 | Tax Payables | | $168,652.00 |
| 30 | Da Lubricant Co., Inc. | Da Lubricant Co., Inc. 801 Edwards Drive Lebanon, IN 46052 Phone: (317) 923-5321 Fax: (765) 482-3065 | Trade Payables | | $156,055.00 |

## DECLARATION UNDER PENALTY OF PERJURY
## <u>CONCERNING CONSOLIDATED CREDITOR LIST</u>

I declare under the penalty of perjury that I have read the foregoing list of consolidated creditors holding the 30 largest unsecured claims and that it is true and correct to the best of my information and belief.

Dated:   Richmond, Virginia
         April 07,  2014


By:   /s/ Peter T. Socha
      _____
      Peter T. Socha
      President, Chief Executive Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **JAMES RIVER COAL COMPANY,** | Case No. 14-[    ] (___) |
| | **(Joint Administration Requested)** |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, James River Coal Corporation (the "**Company**") hereby states that no corporation directly or indirectly owns 10% or more of the Company's equity interests.

I, the undersigned authorized officer of the Company, named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated:   Richmond, Virginia
              April 07, 2014

By:   /s/ Peter T. Socha
        Peter T. Socha
        President, Chief Executive Officer

# JAMES RIVER COAL COMPANY

## Unanimous Written Consent of the Board of Directors

The undersigned, being all the members of the Board of Directors (the "**Board**") of James River Coal Company, a Virginia corporation (the "**Company**"), do hereby unanimously consent to and adopt pursuant to the laws of the Commonwealth of Virginia the following resolutions:

Commencement of Chapter 11 Case

**WHEREAS** the Board reviewed and considered the materials presented by the Company's management team and its financial and legal advisors regarding the Company's liabilities and liquidity, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

**WHEREAS** the Board consulted with the Company's management team and its financial and legal advisors, and have fully considered each of the Company's strategic alternatives.

**NOW, THEREFORE, BE IT RESOLVED** that in the judgment of the Board of the Company, it is desirable and in the best interests of the Company, its creditors, employees and other stakeholders that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**RESOLVED** that each of the Company's Chief Executive Officer, Vice President, the Chief Accounting Officer, General Counsel, Controller, Secretary and Assistant Secretary (each, an "**Authorized Officer**") be, and each of them hereby is, authorized on behalf of the Company to execute and verify petitions under chapter 11 of the Bankruptcy Code and to cause such petitions to be filed in the United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**"), each such petition to be filed at such time as the Authorized Officer executing the petition shall determine and to be in the form approved by the Authorized Officer executing such petition, such approval to be conclusively evidenced by the execution, verification and filing thereof;

Retention of Advisors

**RESOLVED** that the law firm of Davis Polk & Wardwell LLP be, and hereby is, retained as counsel to the Company in the Company's chapter 11 case, subject to the approval of the Court;

**RESOLVED** that the law firm of Hunton & Williams LLP be, and hereby is, retained as local counsel to the Company in the Company's chapter 11 case, subject to the approval of the Court;

**RESOLVED**, that the law firm of Kilpatrick Townsend & Stockton LLP be, and hereby is, retained as special counsel to the Company in the Company's chapter 11 case,

subject to the approval of the Court;

**RESOLVED** that Perella Weinberg Partners L.P. be, and hereby is, retained as restructuring financial advisor for the Company in the Company's chapter 11 case, subject to the approval of the Court;

**RESOLVED** that Deutsche Bank Securities Inc. be, and hereby is, retained as investment banker and M&A advisor for the Company in the Company's chapter 11 case, subject to the approval of the Court;

**RESOLVED** that Epiq Bankruptcy Solutions, LLC be, and hereby is, retained as notice, claims and administrative agent for the Company in the Company's chapter 11 case, subject to the approval of the Court; and

**RESOLVED** that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to execute and file in the Company's chapter 11 case all petitions, schedules, motions, lists, applications, pleadings and other papers, and, in connection therewith, to retain and obtain assistance from additional legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that any such Authorized Officer deems necessary or desirable in connection with the Company's chapter 11 case.

<u>Debtor in Possession Financing</u>

**WHEREAS** the Company and its subsidiaries have determined to enter into the Credit Agreement (as defined below) to obtain financing in the form of a superpriority senior secured debtor-in-possession credit facility in an aggregate principal amount of up to $110 million, the "**Credit Facility**") the proceeds of which will be used to refinance certain of the Company's and certain of its subsidiaries' obligations under an existing credit facility (or in the case of existing letters of credit, replace, backstop or cash collateralize such letters of credit), to pay fees and costs associated with the Company's and its subsidiaries' chapter 11 cases and the Credit Facility, to purchase certain equipment subject to a lease with General Electric Capital Corporation, and for working capital, capital expenditures and other general corporate purposes;

**WHEREAS** the lenders under the Credit Facility require, as a condition to the extension of the Credit Facility, that each of the Company and direct and indirect subsidiaries of the Company (the "**Subsidiary Guarantors**"; the Subsidiary Guarantors together with the Company, the "**Loan Parties**") grant first priority priming liens and security interests in substantially all of its assets to secure its and the other Loan Parties' obligations under the Credit Agreement and the other Loan Documents (as defined below); and

**WHEREAS** the Board has determined that (i) the Company will receive direct and indirect economic benefits from the Credit Facility, (ii) it is in the best interest of the Company to enter into the Credit Agreement and the other Loan Documents and (iii) it is in the best interest of the Company to authorize the appropriate officers of the Company to take any and all actions as they may deem appropriate to effect the transactions

contemplated by the Credit Agreement and each of the other Loan Documents.

**NOW THEREFORE, BE IT RESOLVED** that the Company be, and it hereby is, authorized and empowered to enter into the Credit Agreement and each of the other Loan Documents, to borrow under the Credit Facility at such times and in such amounts as any Authorized Officer shall deem necessary or advisable and as shall be permitted by the terms of the Loan Documents, and to consummate all the other transactions contemplated by the Loan Documents, including, without limitation, to grant first priority priming security interests in and pledge, mortgage or grant deeds of trust with respect to, its right, title and interest in and to its properties and assets to the extent required to secure its and the other Loan Parties' obligations under the Loan Documents and to grant superpriority claim status with regard thereto; and

**RESOLVED** that each of the Authorized Officers of the Company be, and each of them hereby is, authorized to negotiate, execute and deliver, in the name and on behalf of the Company, a definitive credit agreement (collectively, the "**Credit Agreement**") and any other further documentation (including, without limitation, pledge agreements, guarantee agreements, security agreements, control agreements, promissory notes, mortgages, intellectual property security agreements, financing statements and other documents under which a security interest in the assets of the Company is being created, and each other agreement, document or instrument required thereunder, collectively and together with the Credit Agreement, the "**Loan Documents**") in the form and upon the terms and conditions as any Authorized Officer may approve (such approval to be conclusively established by such Authorized Officer's execution and delivery thereof), and to perform the Company's obligations thereunder, including the fees and expenses related thereto, and to take all actions in accordance therewith that any of them may deem necessary or advisable to consummate the transactions contemplated thereby, and the actions of such Authorized Officers in negotiating the terms of, and in executing and delivering, each of the Loan Documents, and any other action taken in connection therewith, on behalf of the Company be, and the same hereby are, ratified, confirmed, approved and adopted.

<u>General Authorization and Ratification</u>

**RESOLVED** that in connection with the Company's chapter 11 case, the Authorized Officers be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates, or instruments as such person considers necessary, appropriate, desirable or advisable to effectuate any other borrowing or other financial arrangements, such determination to be evidenced by such execution or taking of such action;

**RESOLVED** that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to take, or cause to be taken, any and all further actions (including, without limitation, (i) execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or

regulatory authorities or certificates and (ii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions) and to take any and all steps deemed by any such Authorized Officer to be necessary, advisable or desirable to carry out the purpose and intent of each of the foregoing resolutions, and all actions heretofore taken by any such Authorized Officer or the Governmental Body of the Subsidiary in furtherance thereof are hereby ratified, confirmed and approved in all respects;

**RESOLVED** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board;

**RESOLVED** that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and

**RESOLVED** that this Unanimous Written Consent may be executed, by facsimile or otherwise, by the undersigned, in counterparts, each of which shall be an original, but all of which together shall constitute but one and the same document.

[Signature Pages Follow]

IN WITNESS WHEREOF, I have hereunto set my hand this 7th day of April, 2014.

/s/ Peter T. Socha
_____
Peter T. Socha
Director

IN WITNESS WHEREOF, I have hereunto set my hand this 7th day of
April, 2014.


/s/ Alan F. Crown
_____
Alan F. Crown
Director

*[Signature page to James River Coal Company Resolutions]*

      IN WITNESS WHEREOF, I have hereunto set my hand this 7th day of April, 2014.


      /s/ Leonard J. Kujawa

      Leonard J. Kujawa
      Director

IN WITNESS WHEREOF, I have hereunto set my hand this 7th day of April, 2014.

/s/ Joseph H. Vipperman
Joseph H. Vipperman
Director

[*Signature page to James River Coal Company Resolutions*]

IN WITNESS WHEREOF, I have hereunto set my hand this 7th day of April, 2014.

/s/ Ronald J. FlorJancic
Ronald J. FlorJancic
Director

*[Signature page to James River Coal Company Resolutions]*