Michael S. Stamer (admitted *Pro Hac Vice*)
Alexis Freeman (admitted *Pro Hac Vice*)
Jack M. Tracy II (admitted *Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036-6745
(212) 872-1000

Charles Gibbs (admitted *Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201-4624
(214) 969-2800

and

Jonathan L. Gold (VA Bar No. 78176)
Christopher L. Perkins (VA Bar No. 41783)
Christian K. Vogel (VA Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-2003

*Counsel to the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| JAMES RIVER COAL COMPANY, *ET AL.*, | ) ) ) | Case No. 14-31848 (KRH) |
| Debtors. | ) ) ) | (Jointly Administered) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF JAMES RIVER COAL COMPANY, *ET AL.* IN SUPPORT OF
(A) DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO**

**(I) IMPLEMENT (a) KEY EMPLOYEE INCENTIVE PLAN, (b) KEY EMPLOYEE RETENTION PLAN AND (c) MODIFIED SEVERANCE PLAN AND (II) MAKE 2013 SAFETY PAYMENTS, AND (B) DEBTORS' RELATED SEALING MOTIONS PURSUANT TO SECTIONS 107(B)(1) AND 107(C)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018**

The Official Committee of Unsecured Creditors (the "**Committee**") of James River Coal Company, *et al.* (collectively, the "**Debtors**"), through its undersigned counsel, respectfully submits this statement (the "**Statement**") in support of: (A) *Debtors' Motion for Order Authorizing Debtors to (I) Implement (a) Key Employee Incentive Plan, (b) Key Employee Retention Plan and (c) Modified Severance Plan and (II) Make 2013 Safety Payments* [Dkt. No. [299] (the "**Compensation Motion**"); (B) *Debtors' Motion Pursuant to Sections 107(B)(1) and 107(C)(1) of the Bankruptcy Code and Bankruptcy Rule 9018 to File Under Seal Exhibits D and E to Debtors' Motion for Order Authorizing Debtors to (i) Implement (a) Key Employee Incentive Plan, (b) Key Employee Retention Plan and (c) Modified Severance Plan and (ii) Make 2013 Safety Payments* [Dkt. No. 301] (the "**Seal Motion**"); and (C) *Debtors' Motion Pursuant to Sections 107(B)(1) and 107(C)(1) of the Bankruptcy Code and Bankruptcy Rule 9018 to (1) File Under Seal the Declaration of Agnes K. Tang and (2) Provide Testimony Related Thereto Under Seal in Support of the Debtors' Motion for Order Authorizing Debtors to (i) Implement (a) Key Employee Incentive Plan, (b) Key Employee Retention Plan and (c) Modified Severance Plan and (ii) Make 2013 Safety Payments* [Dkt. No. 362] (the "**Supplemental Seal Motion**"). In support of this Statement, the Committee respectfully states as follows:

## BACKGROUND

1. On April 7, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.  Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On April 10, 2014, the Court entered an order jointly administering these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only [Dkt. No. 91].

3.  On April 15, 2014, pursuant to Bankruptcy Code section 1102, the United States Trustee for the Eastern District of Virginia (the "**U.S. Trustee**") appointed the Committee.  The Committee currently consists of five members.[1]

4.  On May 9, 2014, this Court entered an *Order (I) Approving the Strategic Transaction Bidding Procedures, (II) Scheduling Bid Deadlines and the Auction, (III) Approving the Form and Manner of Notice Thereof and (iv) Granting Related Relief* [Dkt. No. 254] (the "**Bid Procedures Order**"), approving the Debtors' strategic transaction bidding procedures and scheduling certain milestones (the "**Bid Deadlines**") with respect to the Debtors' efforts to solicit potential purchasers of the Debtors' assets and sponsors of a plan of reorganization (the "**Strategic Transaction Bidding Process**").

5.  Pursuant to the Bid Deadlines established by this Court, (a) final bids must be submitted by June 30, 2014, (b) an auction is scheduled for July 8, 2014, and (c) the sale hearing (the "**Sale Hearing**") is scheduled to take place at the omnibus hearing on July 10, 2014 (the "**July Omnibus Hearing**").

---

[1] The Committee is currently comprised of the following entities: (i) U.S. Bank National Association as Indenture Trustee; (ii) Aquatic Resources Management; (iii) Mine Service Company; (iv) BTG Pactual; and (v) Pension Benefit Guaranty Corporation.

6. On May 16, 2014, the Debtors provided the Committee with a proposed key employee incentive plan (the "**KEIP**"), key employee retention plan (the "**KERP**") and severance payment plan (collectively, the "**Compensation Plans**") with the intent to file a motion to approve the Compensation Plans by May 23, 2014. The Committee thoroughly analyzed the Compensation Plans and engaged in significant and intense negotiations with the Debtors to improve the proposed Compensation Plans. As a result of these negotiations, the Compensation Plans were substantially improved and the Committee supported the filing of the Compensation Motion.

7. On May 27, 2014, the Debtors filed the Compensation Motion.

8. Contemporaneously therewith, the Debtors filed the Seal Motion, seeking entry of an order sealing two of the exhibits to the Compensation Motion that contain information regarding the proposed level of amounts to be paid to individual participants in the KEIP (the "**KEIP Payments**") and KERP (the "**KERP Payments**"), and the threshold amounts of the Debtors' total acquisition and total enterprise value (the "**Total Value**") to trigger the KEIP Payments under the terms of the KEIP (collectively, the "**Confidential Information**"). Certain of the Confidential Information, including individual KERP Payments and severance payments, was provided to the Committee on a confidential, professionals' eyes only basis prior to the filing of the Compensation Motion. The Committee's professionals analyzed this information in connection with its negotiations over the terms of the proposed Compensation Plans and provided a recommendation to the Committee with respect thereto.

9. Also on May 27, 2014, the Debtors filed the *Debtors' Motion for an Order Setting an Expedited Hearing and shortening Notice Period for Debtors' Motion for Order Authorizing*

4

*Debtors to (i) Implement (a) Key Employee Incentive Plan, (b) Key Employee Retention Plan and (c) Modified Severance Plan and (ii) Make 2013 Safety Payments* [Dkt. No. 302] (the "**Motion to Shorten Notice**"), requesting that the Compensation Motion be heard on an expedited basis and scheduling a hearing on the motion for June 4, 2014.

10. On June 3, 2014, the U.S. Trustee filed a consolidated objection to the Compensation Motion and Seal Motion [Dkt. No. 340] (the "**Objection**").

11. On June 10, 2014, the Debtors' filed a reply to the Objection [Dkt. No. 360], requesting that the Court grant the relief requested in the Compensation Motion and Seal Motion, as well as the Supplemental Seal Motion and a motion to expedite the hearing with respect thereto [Dkt. No. 363].

## STATEMENT IN SUPPORT

12. The Committee supports the Compensation Plans as they represent the result of extensive and spirited negotiations between the Committee and the Debtors. Prior to the filing of the Compensation Motion, the Debtors provided the Committee with proposed Compensation Plans, which the Committee thoroughly analyzed. The Committee was very focused on ensuring that, among other things, the incentive targets provided under the KEIP were sufficiently challenging to maximize unsecured creditor recoveries and that the KEIP participants were properly motivated to work at their highest abilities throughout this critical and uncertain time in these cases. As a result of discussions with the Committee, the Debtors made substantial improvements to the Compensation Plans, including:

- Increasing the proposed Total Value KEIP Payment thresholds to provide more challenging targets;

5

- Reducing the KEIP Payments at the minimum Total Value threshold and increasing the KEIP Payments at the maximum Total Value threshold, thereby providing greater incentive to achieve the best recovery for unsecured creditors;

- Restructuring certain proposed KERP Payments into the KEIP, thereby requiring more participants to meet the Total Value thresholds in order to trigger incentive payments; and

- Implementing a severance crediting mechanism.

13. In light of these concessions and improvements, the Committee supports the Compensation Plans as a reasonable exercise of the Debtors' business judgment and believes that the KEIP (i) provides appropriately challenging targets and (ii) properly incentivizes those employees most involved in the Strategic Transaction Bidding Process to maximize estate value and unsecured creditor recoveries.

14. The Committee also supports the KERP and severance programs. In order to ensure that the Strategic Transaction Bidding Process maximizes value for unsecured creditors, it is critical that the Debtors have sufficient human resources to continue operating the company through the process, which is expected to conclude in the next few months. The loss of key employees during this stage of these cases would disrupt the Strategic Transaction Bidding Process and impede the Debtors' value maximizing efforts to the detriment of the Debtors' unsecured creditors. Moreover, the Committee believes that the KERP and severance programs both provide market compensation and are necessary to retain non-insider employees who are critical to the Debtors' continued operations throughout the Strategic Transaction Bidding

Process. Accordingly, the Committee requests that the Court approve the Compensation Motion.[2]

15. Lastly, the Committee supports the relief requested in the Seal Motion and Supplemental Seal Motion. It is critical that the Confidential Information remain under seal as public dissemination of the Confidential Information would have a damaging effect on the Debtors' Strategic Transaction Bidding Process by undermining its competitiveness. The Confidential Information includes the Total Values, which indicate the threshold amounts of the Debtors' total acquisition and total enterprise values to be obtained in a sale or plan process, respectively, in order to trigger KEIP Payments. With final bids due on June 30, 2014, should the parties currently engaged in the Strategic Transaction Bidding Process learn of the Debtors' valuation estimates prior to their submission of final bids, both potential bidders and prospective plan sponsors would undoubtedly be influenced by such valuation estimates in preparing their bids/proposals, which could negatively impact the Debtors' efforts to maximize value for unsecured creditors in these cases. In addition, public dissemination of the KERP Payments at this time, when retention of the Debtors' employees is critical, would provide an unfair advantage to competitors seeking to recruit the Debtors' employees. Accordingly, the Seal Motion and Supplemental Seal Motion should also be approved.

---

[2] In the Objection, the U.S. Trustee has requested that the hearing on the Compensation Motion be adjourned to the July Omnibus Hearing—the date of the Sale Hearing. However, such an adjournment would moot the purpose of the KEIP and KERP—to motivate critical employees to work towards the culmination of the Strategic Transaction Bidding Process and retain critical non-insider employees throughout the Strategic Transaction Bidding Process. If the Compensation Motion is further adjourned to the Sale Hearing, the Debtors' value maximizing efforts will be jeopardized with the loss of critical employees over the next 30 days if such employees are not provided the comfort that they may be entitled to KEIP Payments and KERP Payments, as applicable, to continue their efforts during these cases.

## CONCLUSION

16. For the forgoing reasons, the Committee respectfully requests that the Court (i) grant the relief requested in the Compensation Motion, (ii) grant the relief requested in the Seal Motion, (iii) grant the relief requested in the Supplemental Seal Motion, and (iv) grant the Debtors and the Committee such other and further relief as the Court deems just, proper and equitable.

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

/s/ Jonathan L. Gold
Counsel

Michael S. Stamer (admitted *Pro Hac Vice*)
Alexis Freeman (admitted *Pro Hac Vice*)
Jack M. Tracy II (admitted *Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036-6745
(212) 872-1000

Charles Gibbs (admitted *Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201-4624
(214) 969-2800

and

Jonathan L. Gold (VA Bar No. 78176)
Christopher L. Perkins (VA Bar No. 41783)
Christian K. Vogel (VA Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-2003

*Counsel to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of June, 2014, a true and correct copy of the foregoing Statement of the Official Committee of Unsecured Creditors of James River Coal Company, *et al.* in Support of: (A) Debtors' Motion for Order Authorizing Debtors to (i) Implement (a) Key Employee Incentive Plan, (b) Key Employee Retention Plan and (c) Modified Severance Plan and (ii) Make 2013 Safety Payments; and (B) Debtors' Related Sealing Motions Pursuant to Sections 107(B)(1) and 107(C)(1) of the Bankruptcy Code and Bankruptcy Rule 9018 was served by electronic mail (for all parties providing an e-mail address) on the Core Parties, the 2002 List Parties, the 2002 List, the Affected Entities, and all parties receiving notices in these cases through the Court's CM/ECF system.

                                                               /s/ Jonathan L. Gold
                                                              Counsel